**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
Plaintiff Below, Respondent

vs.)  No. 22-0107 (Wayne County CC-50-2021-M-AP-2)

John William Robinette,
Defendant Below, Petitioner

## MEMORANDUM DECISION

Petitioner John William Robinette appeals the January 10, 2022, order of the Circuit Court of Wayne County memorializing his convictions for the offenses of obstructing a police officer and battery on a government employee.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

A law enforcement officer stopped petitioner's vehicle after petitioner drove past a patrol conducted by the Wayne County Sheriff's Department's Drug Enforcement Unit with expired tags and a burned-out license plate light. Petitioner also made an obscene hand gesture to the officers prior to the stop. When a law enforcement officer approached petitioner's vehicle, he observed a firearm in plain view on the passenger seat and instructed petitioner to place his hands on the steering wheel. Petitioner was verbally combative, refused to comply with instructions, and he was ultimately detained and handcuffed. As a deputy sheriff attempted to get petitioner's hands behind his back, petitioner struck the deputy in the shoulder. Petitioner was thereafter charged with misdemeanor obstructing a law enforcement officer, assault on a law enforcement officer, and battery on a law enforcement officer.

Petitioner was convicted in the Magistrate Court of Wayne County of misdemeanor obstruction and battery on a government employee (the deputy sheriff whom he struck). He appealed those convictions to the circuit court. At a bench trial, petitioner moved to recuse the circuit court judge, arguing that recusal was appropriate because the judge was lifelong friends with the sheriff, the victim's employer. Petitioner maintained that the circuit judge had previously recused himself in a matter where one of the judge's friends was involved. The judge, however, noted that the case in which he had recused himself was distinguishable, because a magistrate that

---

[1] Petitioner appears by counsel Matthew D. Brummond. Respondent State of West Virginia appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrea Nease Proper.

1

the circuit judge supervised was related to the victim in that earlier matter. Ultimately, the circuit judge denied petitioner's motion for recusal, finding there were no grounds to support it.

Following the bench trial, the circuit court affirmed both of petitioner's convictions. Petitioner was sentenced to sixty days for each, with the sentences suspended, and he was ordered to report to a day report program. Petitioner now appeals, arguing that the circuit judge should have recused himself and, further, that there was insufficient evidence to support his battery conviction.

Initially, petitioner asserts that the circuit judge should have recused himself due to the circuit court judge's friendship with the Sheriff. Petitioner first raised the issue of disqualification of the circuit judge in an oral motion on the day of trial, but failed to file a proper disqualification motion in accordance with Rule 17.01 of the West Virginia Trial Court Rules.[2] Even though the motion did not comply with Trial Court Rule 17.01, the circuit court ruled on it.

---

[2] Concerning recusals, Rule 2.11 of the West Virginia Code of Judicial Conduct provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" Rule 2.11 provides that disqualification or recusal is required in, but is not limited to, the following circumstances:

(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge[] of facts that are in dispute in the proceeding.
(2) The judge knows[] that the judge, the judge's spouse or domestic partner,[] or a person within the third degree of relationship[] to either of them, or the spouse or domestic partner of such a person is: (a) a party to the proceeding, or an officer, director, general partner, managing member, or trustee of a party; (b) acting as a lawyer in the proceeding; (c) a person who has more than a de minimis[] interest that could be substantially affected by the proceeding; or (d) likely to be a material witness in the proceeding.
(3) The judge knows that he or she, individually or as a fiduciary,[] or the judge's spouse, domestic partner, parent, or child, or any other member of the judge's family residing in the judge's household,[] has an economic interest[] in the subject matter in controversy or is a party to the proceeding.
(4) The judge, while a judge or a judicial candidate,[] has made a public statement, other than in a court proceeding, judicial decision, or opinion, that commits or appears to commit the judge to reach a particular result or rule in a particular way in the proceeding or controversy.
(5) The judge: (a) served as a lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association; (b) served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the proceeding, or has publicly expressed in such capacity an opinion concerning the merits of the particular matter in controversy; (c) was a material witness concerning the matter; or (d) previously presided as a judge over the matter in another court.

We have considered petitioner's arguments and thoroughly reviewed the appendix record on appeal, and find no legal basis to question the judge's impartiality or to find that he erred in failing to recuse himself.

In his second assignment of error petitioner argues that he should have been acquitted of battery because the State failed to present sufficient evidence of petitioner's intent at the time that he struck the officer.[3] Notably, petitioner does not challenge that he struck the officer, nor does he dispute the circuit court's finding that he "made physical contact of an insulting or provoking nature with a law enforcement officer . . . pushing said law enforcement officer during a lawful traffic stop." Instead, he merely argues that there was insufficient evidence of intent, alleging that the contact was accidental.

We review the circuit court's final order and ultimate disposition for an abuse of discretion, the circuit court's findings of fact for clear error, and questions of law de novo. *See* Syl. Pt. 1, *State v. Mechling*, 219 W. Va. 366, 633 S.E.2d 311 (2006). After viewing the evidence in the light most favorable to the prosecution,[4] we find that a rational trier of fact could have found that the State met its burden as to the element of intent. Specifically, the evidence presented at the bench trial showed that, when stopped by the police, petitioner was erratic, uncooperative, refused to comply with orders of the officers, and was swearing at the officers throughout the encounter. The officer who was struck said he felt the blow when petitioner jerked away from handcuffs. Although the officer testified that he was unaware of whether the contact was intentional, there is no indication that the judge did not weigh all of the evidence and circumstances surrounding the stop. Based upon the petitioner's conduct throughout the traffic stop, there was sufficient evidence for the trier of fact to conclude that petitioner intentionally struck the law enforcement officer. Accordingly, we find that there was sufficient evidence to support his conviction for battery. Therefore, we affirm.

For the foregoing reasons, we affirm.

---

[3] West Virginia Code § 61-2-10b(d) addressing battery provides, in pertinent part:

Any person who unlawfully, knowingly and intentionally makes physical contact of an insulting or provoking nature with a . . . law-enforcement officer acting in his or her official capacity and the person committing the battery knows or has reason to know that the victim is acting in his or her official capacity, or unlawfully and intentionally causes physical harm to that person acting in such capacity and the person committing the battery knows or has reason to know that the victim is acting in his or her official capacity, is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $500 or confined in jail not less than one month nor more than twelve months or both fined and confined.

[4] When reviewing a claim involving the sufficiency of the evidence, "the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syl. Pt. 1, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

Affirmed.

**ISSUED:** June 13, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn